UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER ACEVAL,

                   Petitioner,                   Case Number 2:12-CV-10897
                                                       Honorable Arthur J. Tarnow

v.

DUNCAN MACLAREN,

                   Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO REVOKE
ORDER GRANTING PETITIONER UNCONDITIONAL RELEASE [Dkt 16]**

     Alexander Aceval, ("Petitioner"), filed A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenged his June 7, 2006, Wayne Circuit Court guilty plea conviction of possession with intent to deliver 1,000 or more grams of cocaine. MICH. COMP. LAWS § 333.7401(2)(a)(I). The Court granted the petition on September 30, 2013, and because the Court fond that Petitioner's rights under the Double Jeopardy Clause were violated, it ordered Petitioner's immediate release from prison. The decision granting habeas relief was reversed by the United States Court of Appeals for the Sixth Circuit. Presently before the Court is Respondent's motion to return Petitioner to prison. For the reasons that follow, the Court will grant the motion.

I. Background

     Following this Court's decision granting habeas relief, Respondent appealed.

On August 18, 2014, the Sixth Circuit reversed, and held that the state courts' rejection of Petitioner's claims was neither contrary to nor an unreasonable application of clearly established federal law. The Court, however, remanded the case for a ruling on Petitioner's due process based prosecutorial misconduct claim. On October 23, 2014, the Sixth Circuit denied Petitioner's petition for en banc rehearing. On October 31, 2014, the Sixth Circuit issued its mandate in the case.

## II. Discussion

While a grant of habeas relief is on appeal, Federal Rule of Appellate Procedure 23(c), permits the release of a prisoner while the decision ordering the release is under review. As a decision ordering the release of the Petitioner is no longer under review, Rule 23(c) no longer allows for Petitioner's release from prison. Although Petitioner claimed that he intended to file a petition for writ of certiorari in the United States Supreme Court, it does not appear that he has done so.

Nevertheless, federal district courts have the inherent authority to grant bond to a habeas petitioner while it considers the merits of his claims. See *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). In order to receive bail pending the district court's decision on the merits of the habeas application, a prisoner must show both that the petition contains a substantial claim of law and the existence of some circumstances that make the motion for bail exceptional and deserving of special treatment in the interests of justice. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). Unlike the standard for granting release under Rule 23(c), this is a difficult

standard and "[t]here will be few occasions where a prisoner will meet [it]." *Lee v. Jabe*, 989 F.3d 869, 871 (6th Cir. 1993); *Hilton*, 481 U.S. at 774 ("Rule 23(c) undoubtedly creates a presumption of release from custody . . . .").

The Court notes that Petitioner has also filed a motion to amend his petition to include further substantive claims challenging his conviction. Although Respondent has not yet replied to this motion, it appears that at least some of the new claims were not presented to the state courts, and Petitioner may require a stay to return to the state courts to exhaust his new claims. At a minimum, the request to add new issues may further delay a final adjudication by the Court.

Petitioner contends in his response that the claim remanded for consideration is substantial. He also notes that since his release he has been working 12-hour shifts in bona-fide employment, he is becoming reacquainted with his children, and he is undergoing medical procedures. Even assuming that the remanded claim constitutes a substantial claim of law, the Court finds that he is not entitled to bond because he has not shown the existence of exceptional circumstances. See *Dotson*, 900 F.2d at 79. The loss of liberties such as employment, familial relations, and medical care from providers of his choice are ordinary circumstances incident to incarceration.

## III. Conclusion

Based on the foregoing analysis, the Court will grant Respondent's motion [Dkt.16] and order Petitioner to present himself at the Charles Egeler Reception and

3

Guidance Center, 3855 Cooper Street, Jackson, Michigan, within thirty (30) days of this order.

Respondent's second and third  motions to revoke unconditional release [Dkts. 25 and 27] are denied as moot.

**SO ORDERED.**


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 10, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 10, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

4