UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER ACEVAL,

                         Petitioner,                  Case Number 2:12-CV-10897
                                                       Honorable Arthur J. Tarnow

v.

DUNCAN MACLAREN,

                         Respondent.

_____/

## OPINION AND ORDER 1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AFTER REMAND, 2) GRANTING A CERTIFICATE OF APPEALABILITY, 3) AND DENYING PETITIONER'S PENDING MOTIONS FOR BOND, ORAL ARGUMENT, AND IMMEDIATE CONSIDERATION [DKT. NOS. 30, 31, AND 32]

Alexander Aceval, ("Petitioner"), filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his June 7, 2006, Wayne Circuit Court guilty plea conviction of possession with intent to deliver 1,000 or more grams of cocaine. MICH. COMP. LAWS § 333.7401(2)(a)(i). Petitioner was sentenced under the terms of his plea bargain to 10-to-15 years imprisonment. The Court granted the petition on the grounds that Petitioner was denied his counsel of choice and that his re-prosecution after a mistrial was prohibited by the Double Jeopardy Clause of the Fifth Amendment due to pervasive prosecutorial and judicial misconduct at his first trial. See ECF No. 15.

Respondent appealed, and the Sixth Circuit reversed. *Aceval v. Maclaren*, 2014 U.S. App. LEXIS 18325 (6th Cir. Mich. 2014). The Court found that the

Michigan Courts had not unreasonably applied clearly established Supreme Court law with respect to Petitioner's denial of counsel of choice and double jeopardy claims. The Court remanded the case for consideration of Petitioner's claim that his re-prosecution was barred under Due Process Clause of the Fourteenth Amendment, an alternative theory for relief that Petitioner presented to the state courts during his direct appeal.

## I. Background

Briefly, and as the Sixth Circuit noted, at Petitioner's first trial "the prosecutor and judge knowingly allowed witnesses to lie in an effort to conceal the identity of a confidential informant involved in Aceval's arrest." *Id.* p. 1. This resulted in a sham proceeding that would never have been upheld if it had resulted in a conviction. As it happens, however, the jury hung, and Petitioner thereafter pled guilty as indicated above.

Following sentencing, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

I. The Double Jeopardy Clauses of the State and Federal Constitutions Precluded the Prosecutor From Retrying Defendant Where an Intentional Prosecutorial and Judicial Criminal Misconduct Conspiracy of a Degree Unprecedented in Michigan Or Federal Judicial History Sought Unfair Conviction of Defendant.

II. Denial of Sixth Amendment Right to Counsel Invalidates Defendant's Plea-based Second Trial Conviction.

III. Ineffective Assistance of Counsel Rendered Defendant's Guilty Plea Illusory, Involuntary and Otherwise Invalid.

2

IV. The Numerous Due Process Violations, Individually or Collectively, Irreparably Denied Defendant-[A]ppellant His Right to a Fair trial and Any Possibility of Prevailing in Any Subsequent Trial.

V. Fraudulent Criminal Processes Were Insufficient to Afford Jurisdiction over Defendant[-]Appellant.

The Michigan Court of Appeals denied Petitioner's delayed application "for lack of merit in the grounds presented." *People v. Aceval*, No. 279017 (Mich. Ct. App. October 5, 2007).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court. The court remanded the case to the Court of Appeals to consider "whether the defendant was denied the right to counsel of his choice under *United States v. Gonzales-Lopez*, 548 U.S. 140 (2006)," and to consider "whether the prosecution's acquiescence in the presentation of perjured testimony amounts to misconduct that deprived the defendant of due process such that retrial should be barred." *People v. Aceval*, 480 Mich. 1108 (2008).

On remand, the Michigan Court of Appeals affirmed Petitioner's conviction in a published opinion. *People v. Aceval (On Remand)*, 282 Mich. App. 379 (2009). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but it was initially denied by standard order. *People v. Aceval*, 485 Mich. 884 (2009). The Michigan Supreme Court subsequently granted Petitioner's motion for reconsideration, and scheduled the case for oral argument on whether the court should grant leave to appeal, stating:

3

At oral argument the parties shall address whether the prosecution's acquiescence in the presentation of perjured testimony in order to conceal the identity of a confidential informant amounts to misconduct that deprived the defendant of due process such that retrial should be barred.

*People v. Aceval*, 486 Mich. 953-954 (2010). After hearing argument, four of the seven Michigan Supreme Court Justices voted to deny leave. *People v. Aceval*, 488 Mich. 978 (2010). Justice Hathaway stated she would have granted leave. *Id.* Justice Stephen Markman stated he would have reversed the conviction and precluded re-prosecution. *Id.* Justice Maura Corrigan recused herself as she was a potential witness. *Id.*

## II.Discussion

When this Court initially addressed the case it resolved Petitioner's prosecutorial and judicial misconduct claim under the Double Jeopardy Clause and not the Due Process Clause because that was the basis on which Petitioner sought relief. Despite that fact a due process based theory was presented to the state courts, it was not presented in the federal petition.

Respondent candidly admits that it made a mistake in its briefing in the Sixth Circuit by stating that Petitioner raised a due process claim in his federal petition. ECF No. 29, p. 5. Respondent explains this is the reason for the remand order, and that this Court need not address a claim that was never raised in the habeas petition despite the remand order. Whether caused by Respondent's mistake or not, however, the fact of the matter is that the Sixth Circuit has ordered consideration of

Petitioner's exhausted due process claim, and the Court will follow that mandate.

As the Sixth Circuit noted, Petitioner presented his claim to the state courts under both the Double Jeopardy and Due Process Clauses. The Michigan Court of Appeals rejected the due process argument on the merit as follows:

> We next address whether the prosecutor's acquiescence in the presentation of perjured testimony at defendant's first trial constituted misconduct that deprived defendant of due process to the extent that retrial should have been barred. This issue presents a question of constitutional law that we review de novo. *People v. Dunbar*, 463 Mich. 606, 615; 625 N.W.2d 1 (2001). n4

> FOOTNOTES

> n4 We note that defendant's guilty plea did not waive appellate review of this issue. Our Supreme Court in *New*, supra, recognized that a guilty plea does not waive defenses based on the Due Process Clause. The Court stated, "Wherever it is found that the result of the right asserted would be to prevent the trial from taking place, we follow the lead of the United States Supreme Court and hold a guilty plea does not waive that right." *New*, supra at 489 (quotation marks and citation omitted).

> It is well settled that a conviction obtained through the knowing use of perjured testimony offends a defendant's due process protections guaranteed under the Fourteenth Amendment. *Mooney v. Holohan*, 294 U.S. 103, 112 (1935); *Pyle v. Kansas*, 317 U.S. 213, 216 (1942); *Napue v. Illinois*, 360 U.S. 264, 269 (1959). If a conviction is obtained through the knowing use of perjured testimony, it "must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976); see also *Giglio v. United States*, 405 U.S. 150, 154-155 (1972); *Napue*, supra at 269-272. Stated differently, a conviction will be reversed and a new trial will be ordered, but only if the tainted evidence is material to the defendant's guilt or punishment. *Smith v. Phillips*, 455 U.S. 209, 219 (1982); *Giglio*, supra at 154-155; *People v. Cassell*, 63 Mich.App. 226, 227-229 (1975). Thus, it is the "misconduct's effect on the trial, not the blameworthiness of the prosecutor, [which] is the

5

crucial inquiry for due process purposes." *Phillips*, supra at 220 n 10. The entire focus of our analysis must be on the fairness of the trial, not on the prosecutor's or the court's culpability. *Id.* at 219.

While it is plain that a new trial is the remedy for a conviction obtained through misconduct that materially affected the trial's outcome, our Supreme Court has asked us to consider whether, under the circumstances of this case, a different remedy--a bar to retrial--is warranted. We conclude that it is not.

The purpose behind the Double Jeopardy Clause informs the reason for our answer, because our decision is based on the particular type of harm that a bar to retrial is intended to address. In instances where retrial is barred, that remedy stems from a violation of the Double Jeopardy Clause. US Const, Am V; Const 1963, Art 1, § 15. The constitutional prohibition against double jeopardy bars retrial, or a second prosecution, after acquittal or conviction and protects against multiple punishments for the same offense. *People v. Smith*, 478 Mich. 292, 299 (2007). The purpose of the Double Jeopardy Clause is to "protect a person from being twice placed in jeopardy for the 'same offense' [and] . . . to prevent the state from making repeated attempts at convicting an individual for an alleged crime." *People v. Torres*, 452 Mich. 43, 63 (1996). Thus, the remedy arising from a double jeopardy violation--a bar to retrial--is specifically tailored to the nature of the harm that the Double Jeopardy Clause is intended to prevent-the "embarrassment, expense and ordeal . . . [of living] in a continuing state of anxiety and insecurity" that arises from being twice placed in jeopardy. *Id.* at 64 (quotation marks and citation omitted).

Having understood the proper purpose of a remedy barring retrial, the unsuitability of that remedy in the context of a due process violation becomes evident. In contrast to the prohibition against double jeopardy, a criminal defendant's right to a fair trial derives from the Due Process Clause of the Fourteenth Amendment. US Const, Am XIV; Mich Const, Art 1, § 17. It goes without saying that it is not necessary to conduct a double jeopardy inquiry to establish a due process violation. As noted, the crux of the due process analysis in cases of alleged prosecutorial misconduct is whether the defendant received a fair trial. *Phillips*, supra at 219-220 n 10. The remedy when a defendant receives an unfair trial because of prosecutorial misconduct is a new and, presumably, fair trial. *Cassell*, supra at 227-229; *Agurs*, supra at 103; *Napue*, supra at

269-272. This remedy naturally flows from the type of harm that the defendant has suffered. It does not follow that a due process violation should bar retrial, because such a remedy would be unduly broad and would fail to address the specific harm the defendant has suffered. Specifically, barring retrial on the basis of due process grounds would amount to "punishment of society for [the] misdeeds of a prosecutor" because it would permit the accused to go free. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Further, our Supreme Court has noted, "[T]he protections of substantive due process [do not] require recognition of a remedy for the harm incident to one or more mistrials [unless it also places a defendant in double jeopardy]." *People v. Sierb*, 456 Mich. 519, 525 (1998). n5

FOOTNOTES

n5 This is not to suggest however, that prosecutorial misconduct can never invoke the constitutional protection against double jeopardy. On that issue, we offer no opinion because, as Judge Murphy notes in his concurrence, "there is no indication whatsoever that the prosecutor committed the misconduct for the purpose of avoiding or preventing an acquittal, nor can it be said that an acquittal was likely to occur if the prosecutor refrained from the misconduct or that the prosecutor believed such was the case." Post at 10-11.

Nor do we find, as defendant urges, that the court's and the prosecutor's disgraceful conduct itself should warrant a bar to retrial. Assuming that the acts of the trial judge and the prosecutor in this case violated Michigan's Rules of Professional Conduct, MRPC 3.4, and Code of Judicial Conduct, Canon 3, and were clearly opprobrious, the remedy for their wrongs is accomplished in other forums, such as the Attorney Discipline Board and the Judicial Tenure Commission. *People v. Green*, 405 Mich. 273, 292-295(1979). These codes, however, do not confer upon a defendant any type of constitutional right or remedy. *Id.* at 293. Rather, the particular constitutional right determines the constitutional remedy and these codes play no part in such decisions. *Id.* at 293-294. For these reasons, we do not take the opportunity here to create a new remedy for a due process violation arising out of prosecutorial and judicial misconduct.

Turning to the present matter, we find that defendant was denied due process because of the trial court's and the prosecutor's misconduct.

However, here we stress that defendant was not convicted following his first trial; rather, the trial court declared a mistrial because of a hung jury. n6 This was clearly the appropriate remedy. Although both the trial court's and the prosecutor's conduct was plainly reprehensible, the blameworthiness of either is not the critical factor, because the primary inquiry is the misconduct's effect on the trial. *Phillips*, supra at 220 n. 10; *Cassell*, supra 227-229. In this case, the complained-of misconduct did not prejudice defendant because he received the remedy that was due him: a new trial. For these reasons, defendant's constitutional due process claim must fail.

*People v. Aceval*, 282 Mich. App. 379, 389-393 (2009).

The argument that the Due Process Clause alone might bar retrial after pervasive prosecutorial and judicial misconduct resulting in a sham trial is a novel one. And unfortunately for Petitioner, novel legal theories do not fair well under the AEDPA. "Under AEDPA, if there is no clearly established Federal law, as determined by the Supreme Court that supports a habeas petitioner's legal argument, the argument must fail." *Miskel v. Karnes*, 397 F.3d 446, 454 (6th Cir. 2005) (emphasis in original) (internal quotation marks omitted). Identifying clearly established federal law is thus the "threshold question under AEDPA." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). In answering this threshold question, a court must consult "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (internal quotation marks omitted). The Supreme Court has recently reiterated that "'clearly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." *Woods v. Donald*, 135 S. Ct. 1372,

8

1376, 191 L. Ed. 2d 464 (2015)(quoting *White v. Woodall*, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014)(some internal quotation marks omitted).

Accordingly, for Petitioner to prevail on his due process claim he must identify clearly established Supreme Court precedent holding that a bar of retrial can be warranted under the Due Process Clause as the result of pervasive misconduct by a prosecutor and trial judge.

Petitioner has filed a supplemental brief following the remand order. In it he cites a few Supreme Court cases: *Olmstead v. United States*, 277 U.S. 438 (1928), *Berger v. United States*, 295 U.S. 78 (1935), *United States v. Augurs*, 427 U.S. 97 (1976); *Giglio v. United States*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959). None of these cases clearly establish the rule required to support Petitioner's claim, nor can the Court find any other case that does.

*Olmstead* is of course an old wiretapping case where the convictions were affirmed despite improprieties by the police. Despite language in Justice Brandeis' dissent in that case regarding the paramount importance of the government following the law during criminal investigations, it in no way creates the rule advanced by Petitioner. *Berger* is the seminal case of prosecutorial misconduct. The relief granted there despite "pronounced and persistent [misconduct], with a probable cumulative effect upon the jury which cannot be disregarded," however, was a new trial – not a bar to reprosecution. *Berger*, 295 U.S. at 89. *Augurs*, *Giglio*, and *Napue*, also all concern claims of prosecutorial misconduct in the form of a failure to disclose

9

evidence favorable to the defense. In none of those cases did the Supreme Court hold or suggest that an appropriate remedy for such a violation would be a bar to retrial. The remedy for such violations in each of these cases, whether granted or denied, was reversal for a new trial. Petitioner has not found Supreme Court dicta, let alone clearly established Supreme Court law, that supports his position.

As far as the Court can determine the only constitutional provisions clearly established Supreme Court law holds may bar reprosecution other than the Double Jeopardy Clause are the Speedy Trial Clause, see *Strunk v. United States*, 412 U.S. 434, 439 (1973), and cases reversed on the grounds of insufficient evidence, which in effect is also founded on doubly jeopardy principles. See *United States v. Scott*, 437 U.S. 82, 98 (1978). Here, there is no speedy trial claim, the Sixth Circuit has rejected Petitioner's double jeopardy claim, and there is no insufficient evidence claim. Accordingly, Petitioner's due process-based claim cannot form the basis for granting habeas relief because it was rejected on the merits by the state courts and that adjudication cannot be challenged by clearly established federal law as determined by the Supreme Court. Accordingly, this Court must reluctantly deny relief with respect to Petitioner's remaining claim, and the petition will be denied.

III. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner's Due Process Clause claim cannot be supported by clearly established Supreme Court law.  Accordingly, the Court **DENIES** the petition for writ of habeas corpus.

10

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. ' 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. ' 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing ' 2254 Cases, Rule 11(a), 28 U.S.C. foll.' 2254.

Petitioner has demonstrated a substantial showing of the denial of a constitutional right with respect to his claim. As this Court previously explained, Petitioner was subjected to a sham trial which depleted his resources and ability to defend against the charges brought against him. Though the Sixth Circuit has held that such a violation did not bar retrial under the Double Jeopardy Clause, its order remanding the case for consideration of the claim under the Due Process Clause

11

despite the fact that no such claim was raised in Petitioner's federal petition suggests that reasonable jurists may disagree as to whether relief is warranted under that provision. Therefore, the Court will **GRANT** Petitioner a certificate of appealability.

Finally, the Court will **DENY** as moot Petitioner's pending motion for bond [Dkt. 30], motion for oral argument [Dkt. 31], and motion for immediate consideration [Dkt. 32].

**SO ORDERED.**


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 6, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 6, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

12