UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER ACEVAL,

                Petitioner,                Case Number 2:12-CV-10897
                                                              Honorable Arthur J. Tarnow

v.

DUNCAN MACLAREN,

                Respondent.
_____/

## OPINION AND ORDER GRANTING EXPEDITED CONSIDERATION AND DENYING MOTION TO APPOINT COUNSEL

Alexander Aceval, ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenged his June 7, 2006, Wayne Circuit Court guilty plea conviction of possession with intent to deliver 1,000 or more grams of cocaine. MICH. COMP. LAWS § 333.7401(2)(a)(I).

The Court's opinion granting the petition was reversed by the United States Court of Appeals for the Sixth Circuit. *Aceval v. MacLaren*, 578 F. App'x 480 (6th Cir. 2014). The case was remanded for consideration of additional claims, the Court denied relief, and the Sixth Circuit affirmed. *Aceval v. Maclaren*, 2016 U.S. App. LEXIS 22225 (6th Cir. Mich. December 13, 2016). Petitioner received an extension of time from United States Supreme Court Justice Kagan to file a petition for writ of certiorari by May 12, 2017. Dkt. 46, Exhibit A.

Presently before the Court are Petitioner's motion for expedited consideration

and his motion for appointment of counsel to file the certiorari petition. The Court will grant expedited consideration because the petition for writ of certiorari is due in less than two weeks. The Court notes, however, that Petitioner's counsel is responsible for the emergency by filing this motion at this late date.

The Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Petitioner's motion fails to demonstrate that he has any reasonable likelihood of obtaining relief in the United States Supreme Court. The interests of justice do not require the appointment of counsel.

Therefore, Petitioner's motion for expedited consideration is **GRANTED**, and his motion for appointment of counsel is **DENIED**.

**SO ORDERED.**

S/Arthur J. Tarnow  
Arthur J. Tarnow  
United States District Court

Date: May 3, 2017